Daniel J. Koleos, Koleos, Rosenberg & Metzger & Doyle, P.A., Plantation, FL, Hala A. Sandridge, Fowler White Boggs Banker, P.A., Tampa, FL, for Appellee.

Before ANDERSON, BIRCH and HILL, Circuit Judges.

PER CURIAM.

The district court dismissed this case with prejudice, ordering plaintiff to bear the defendant's costs and fees, for plaintiff's failure to appear at her Rule 35 examination and for her misleading deposition testimony. Plaintiff's failure to attend the examination occurred nine days after her counsel was permitted by the court to withdraw and the court "continued" her case for sixty days to secure new counsel. Plaintiff asserts that she was advised by her counsel, prior to his withdrawal, that she need not attend the examination while her case was continued.

While we agree with the district court that dismissal is an appropriate sanction where the circumstances indicate a clear record of delay, we are concerned that such circumstances are not entirely clear in this case. The record in this case lacks any clear support for the conclusion that plaintiff's failure to attend her examination was "willful," and lends itself to the inference that misunderstanding or confusion, engendered in part by an officer of the court, may have led to her failure to attend. For such a harsh sanction as dismissal, we require that the record clearly reflect a willful pattern of delay and obstruction of the orderly progress of the case. *See EEOC v. Troy State Univ.*, 693 F.2d 1353, 1357–58 (11th Cir.1982) (reversing dismissal under Fed.R.Civ.P. 37 because noncompliance with a discovery order stemmed from confusion and misunderstanding). Accordingly, we shall remand this case for such findings to be made.

VACATED AND REMANDED.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Larry Dion HAMMOND, a.k.a. Asst. Supt. Ham, Defendant–Appellant.**

No. 05–15463
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Aug. 24, 2006.

sions, incidentally made improper references to his criminal record. The district court gave a curative instruction after the first objection, but declined to do so after the second so as not to highlight the improper testimony. Having considered the briefs and after reviewing the record, we doubt that the improper testimony substantially influenced the jury's guilty verdicts, given the weight of the evidence. We also find no indication of prosecutorial misconduct in procuring the testimony. Furthermore, we find no abuse of the district court's discretion in refusing to grant a mistrial.

**AFFIRMED.**

G. Richard Strafer, Miami, FL, for Defendant–Appellant.

E. Bryan Wilson, Tallahassee, FL, Robert G. Davies, U.S. Attorney's Office, Pensacola, FL, for Plaintiff–Appellee.

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Larry Dion Hammond appeals his convictions on one count of conspiracy to distribute and possess with intent to distribute cocaine and two counts of possession with intent to distribute cocaine. Hammond argues that the district court erred by refusing to grant a mistrial after government witnesses, on two separate occa-